Robert J. Bach, Esq.
RB - 2751
60 East 42nd Street
40th Floor
New York, NY 10165
212-867-4455
Attorney for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
PHILIP SILVERMAN

                PLAINTIFF

   against

THE GILBERT LEDERMAN, M.D., P.C.
RETIREMENT PLAN AND GILBERT LEDERMAN,
AS PLAN ADMINISTRATOR OF THE GILBERT
LEDERMAN, M.D., P.C. RETIREMENT PLAN, AND
GILBERT LEDERMAN AND JOSIANE LEDERMAN,
AS TRUSTEES OF THE THE GILBERT
LEDERMAN, M.D., P.C. RETIREMENT PLAN,

                DEFENDANTS

-----------------------------------------------------------------X

INDEX NO.

07 CV 2323 (GBD)
ECF CASE

FIRST AMENDED
COMPLAINT



      Plaintiff, by his attorney, Robert J. Bach, as and for the First Amended Complaint alleges:

## Introduction

1.   This is a suit by Philip Silverman, ("Silverman") a participant in the Gilbert Lederman, M.D., P.C. Retirement Plan ("Plan") to obtain plan records so that he could verify the value of his pension benefit. Although Plaintiff, his accountant, and

      his attorney have made numerous requests to the Plan Administrator, Gilbert Lederman ("Lederman"), for the information in writing, the requests were ignored and the information was not supplied in violation of the Employee Retirement Income Security Act of 1974, as amended,("ERISA") 29 USC sections 1024(b) and 1025.

2. Plaintiff requests that the Court direct the Defendants (1) to provide the information requested, (2) assess the statutory penalty of $ 100 per day for each violation of the Defendants' failure to provide the information, (3) attorney's fees, and (4) such other relief as the Court may deem appropriate.

## Jurisdiction

3. The court has jurisdiction of this matter pursuant to the Employee Retirement Income and Security Act of 1974, as amended, ("ERISA"), 29 USC sections 1132 (a)(1)(A), 1132(a)(3)(A), 1132(c) and 1132(e)(1) as well as 28 USC Sections 1331, 2201, and 2202.

## Venue

4. Venue is in the Southern District of New York because the Plaintiff resides in this district and the Defendant may be found in this district. 29 USC section 1132(e)(2) and 28 USC section 1391(a).

## The Parties

5. Philip Silverman, the plaintiff in this action resides in the County and State of New York.

6. Dr. Silverman was employed by the Gilbert Lederman M.D. P.C in 1994.

7. As a consequence of his employment he was a participant, within the meaning of ERISA, 29 USC 1002(7) in the Gilbert Lederman, M.D., P.C. Retirement Plan,("Plan") an employee pension benefit plan within the meaning of ERISA, 29 USC section 1002(2A), and upon information and belief, a defined contribution pension plan.

8. Dr. Lederman was the Plan Administrator of the Plan within the meaning of ERISA, 29 USC section 1002(16)(A). Dr. Lederman and Josiane Lederman are the Trustees of the Plan.

## FIRST CAUSE OF ACTION

9. On January 25, 2005, Dr. Silverman's accountant, Neil Frankel ("Frankel") wrote to Dr. Lederman requesting the Plan's "year end statements ... as required by the pension law for December 31, 2002, December 31, 2003 and December 31, 2004."

10. Neither Dr. Silverman nor his accountant received a reply to the letter of January 25, 2005.

11. On February 2, 2005, Dr. Silverman wrote to Leonard Savoleo, upon information and belief the Plan's accountant requesting a complete distribution of his account balance in the Plan, with instructions to send the forms to Frankel.

12. There was no response to this request.

13. Dr. Silverman then wrote to Mr. Savoleo again for the distribution and the statements he had requested.

14. There was no response to this request.

15. On March 20, 2006, Dr. Silverman's attorney, Robert Bach, wrote to Dr. Lederman requesting plan documents and documents regarding Dr. Silverman's account balance.

16. There was no response to this request.

17. On May 22, 2006 Mr. Bach made a second request for the information to Dr. Lederman.

18. On June 22, 2006, Mr. Bach received forms from Mr. Savoleo about the payment of Dr. Silverman's account balance, however, the material did not respond to the request that Mr. Bach and Dr. Silverman had made for plan documents or benefit statements.

19. On June 22, 2006, Mr. Bach wrote to Dr. Lederman acknowledging the receipt of the documents, and requested again the plan documents and the benefit statements, explaining that Dr. Silverman could not agree to the amount of the distribution until Dr. Silverman was advised how the amount of his benefit was calculated and could verify the calculation.

20. The was no response to this request.

21. On August 24, 2006. Mr. Bach wrote to Dr. Lederman for a fourth time requesting the information.

22. There was no response to this request

23. Section 29 USC 1024(b)(4) requires that the administrator furnish information regarding the plan and its administration upon written request.

24. Dr. Lederman violated ERISA, section 29 USC 1024(b) because he did not provide responses to the requests for information made by Dr. Silverman, his accountant or his attorney.

## SECOND CAUSE OF ACTION

25. Plaintiff restates paragraphs 1-24 as though restated herein.

26. Section 29 USC 1024(b)(1)(A) requires that the administrator furnish to each participant, a copy of the summary plan description, and all modifications thereto within 90 days after he becomes a participant.

27. Dr. Lederman did not supply Dr. Silverman with a copy of the plan's Summary Plan Description (SPD) when he became a participant or any time thereafter in violation of section 29 USC 1024(b)(1)(A).

## THIRD CAUSE OF ACTION

28. Plaintiff restates paragraphs 1-27 as though restated herein.

29. Section 29 USC 1024(b)(3) requires that within 210 days after the close of the fiscal year of the plan, the administrator furnish to each participant, a summary of the annual report required to be filed with the Secretary of Labor plan description.

30. Dr. Lederman did not supply Dr. Silverman with any copies of the plan's summary of its annual reports in violation of 29 USC 1024(b)(3).

## FOURTH CAUSE OF ACTION

31. Plaintiff restates paragraphs 1-30 as though restated herein.

32. Section 29 USC 1025(a) requires that the administrator furnish a benefit statement to a plan participant of a defined contribution plan annually.

33. Dr. Lederman did not supply Dr. Silverman with any annual benefit statements in violation of 29 USC 1025(a).

PRAYER FOR RELIEF.

The Plaintiff requests that this Court :

a. find that the Defendants failed to comply with the statutory requirement to supply Dr. Silverman with the documents that he is entitled to as a plan participant and direct the Defendants to supply that information.

b. pursuant to 29 usc 1132(c)(1) assess the statutory penalty of $100 a day against Dr. Lederman for each violation for failing to supply the documents required by ERISA.

c. find that the Dr. Lederman failed to comply with the statutory requirement to supply Dr. Silverman with the information that he requested and direct Dr. Lederman to supply that information.

d. pursuant to 29 USC 1132 (c)(1) assess the statutory penalty of $100 a day against Dr. Lederman for each violation for failing to respond to Dr. Silverman's requests for information.

e. award Dr. Silverman attorneys' fees and costs as permitted under section 20 USC 1132(g)(1).

f. award such other relief as the court may deem appropriate.

*Robert Bach*

Robert Bach (RB-2751)
60 East 42nd Street,
40th Floor
New York, NY 10165
212-867-4455

New York, NY
June 24, 2008